**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUBAS SHARMA, | No. 07-71778 |
| Petitioner, | |
| v. | Agency No. A078-317-361 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2011[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Subas Sharma petitions for review of the Board of Immigration Appeals'

decision affirming an immigration judge's denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture. We

deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Petitioner does not appear to challenge the BIA's finding that he failed to demonstrate materially changed circumstances that would excuse his late asylum filing, so that argument is waived. Regardless, to be excused from the one-year filing deadline for asylum applications based on changed circumstances, petitioner would have needed to explain how the alleged change in circumstances materially affected his eligibility for asylum. *See* 8 C.F.R. § 1208.4(a)(4). The record does not compel a conclusion that changed circumstances excused his application's untimeliness. *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007). The present record contains no evidence of changed circumstances beyond petitioner's bare assertions. Indeed, the reasons petitioner cites for pursuing his current applications are the same as those he gave for leaving Nepal in 1996. As such, substantial evidence supports the BIA's decision upholding the dismissal of Sharma's asylum petition as untimely.

Numerous inconsistencies between petitioner's applications, his testimony, and his brother's testimony constituted substantial evidence to support the agency's adverse credibility finding. *See Mejia-Paiz v. INS*, 111 F.3d 720, 723 (9th Cir. 1997). Based on that finding, it was not error to conclude that petitioner had failed to demonstrate that he would more likely than not be harmed or tortured upon returning to Nepal, as required for the applications for withholding of

2

removal and protection under the Convention Against Torture. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

**PETITION DENIED.**